**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-02970-WJM

LEANDRO RAEL,

 Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

 Defendant.

**ORDER AFFIRMING DECISION OF THE COMMISSIONER**

  This matter is before the Court on Plaintiff Leandro Rael's appeal from the final decision of Defendant Michael J. Astrue, the Commissioner of Social Security ("the Commissioner"), denying Mr. Rael's applications for disability insurance benefits and supplemental security income. Mr. Rael has filed his Opening Brief (ECF No. 11), the Commissioner filed a Response (ECF No. 14), and Mr. Rael filed a Reply (ECF No. 15). The Commissioner has also filed the administrative record. (ECF No. 8.) On July 27, 2011, this action was reassigned to the undersigned. (ECF No. 16.) After carefully analyzing the briefs and the administrative record, the Court AFFIRMS the final decision of the Commissioner.

**I. JURISDICTION**

  The Court has jurisdiction over this matter under 42 U.S.C. § 405(g).

## II. BACKGROUND

Mr. Rael was born in 1951. (ECF No. 8, at 95, 100.) Mr. Rael's medical records indicate that he suffers from numerous medical conditions. (*Id.* at 213-326.) However, Mr. Rael's appeal to this Court only pertains to the Commissioner's decision regarding Mr. Rael's mental and psychological conditions, namely, depressive disorder, borderline intellectual functioning, and avoidant personality disorder. (*See* ECF No. 11.) There are two psychological reports that are central to Mr. Rael's appeal.

On August 30, 2007, Dr. David Benson conducted an in-person psychological evaluation of Mr. Rael, and wrote a detailed report of his findings. (ECF No. 8, at 236-248.) Dr. Benson diagnosed Mr. Rael with depressive disorder, borderline intellectual functioning, and avoidant personality disorder. (*Id.* at 248.) Throughout his report, Dr. Benson stressed Mr. Rael's limitations, including that he be limited to unskilled work. (*Id.* at 236-248.)

After Mr. Rael filed his applications for disability insurance benefits and supplemental security income on October 18, 2007 (alleging a disability onset date of May 7, 2007) (ECF No. 8, at 95-103), Dr. Sara Sexton conducted a non-examining evaluation of Mr. Rael (*id.* at 260-279). Through her analysis, during which she stated that she was giving "full weight" to Dr. Benson's report, Dr. Sexton, *inter alia*, identified certain moderate limitations in Mr. Rael's understanding and memory, concentration and persistance, social interaction, and adaptation. (*Id.* at 273-76.)

After Mr. Rael's applications for disability insurance benefits and supplemental security income were denied (*id.* at 61-64), Mr. Rael requested a hearing before an administrative law judge (*id.* at 67-68). Administrative Law Judge Peggy S. Ball (the "ALJ") presided over Mr. Rael's hearing on November 9, 2009. (*Id.* at 34-57.) Mr. Rael and vocational expert Dr. Dennis Duffin testified at the hearing. (*Id.*)

On November 30, 2009, the ALJ issued her decision (*id.* at 20-29), concluding that Mr. Rael "has not been under a disability within the meaning of the Social Security Act from May 7, 2007 through the date of this decision" (*id.* at 20). The ALJ made the following findings of fact and conclusions of law (in line with the governing five-part test to determine disability, described *infra*). First, the ALJ held that Mr. Rael had not engaged in any substantial gainful activity since May 7, 2007. (*Id.* at 22.) Second, the ALJ held that Mr. Rael has the following impairments, which, in combination, are severe: lumbar degenerative disc disease, coronary artery disease, diabetes, hyperlipidemia, allergic rhinitis, hypertension, gastroesophageal reflux disease, depressive disorder, borderline intellectual functioning, and avoidant personality disorder. (*Id.*) Third, the ALJ held that Mr. Rael's severe impairments do not meet or equal the established listing of impairments under the governing regulations. (*Id.* at 23-24.)

The ALJ then analyzed Mr. Rael's residual functional capacity ("RFC") (*id.* at 18-22), concluding that Mr. Rael "has the [RFC] to perform medium work as defined in 20 C.F.R. § 404.1567(c) and 416.967(c) except that the work must have a Specific

Vocational Preparation (SVP) of less than or equal to 3" (*id.* at 24-25; *see also id.* at 25-28.) In doing so, the ALJ stated that she was giving "significant weight" to Dr. Sexton's opinions, and "some weight" to Dr. Benson's opinions. (*Id.* at 27-28.) The ALJ also clearly based her RFC finding on Mr. Rael's past job history, including his work from 2004 to 2007 as a shuttle bus driver. (*Id.* at 26-28.) Based on this RFC assessment and the testimony of the vocational expert, the ALJ concluded that Mr. Rael is capable of performing his past work as a truck driver, shuttle driver, child care provider, generalized care provider, retail sales clerk, dishwasher, or warehouse worker. (*Id.* at 28.) Based on this finding, the ALJ concluded that Mr. Rael is not disabled under the Social Security Act.

Mr. Rael appealed the ALJ's decision (*id.* at 11-16), and the Appeals Council denied his appeal (*id.* at 1-3). Mr. Rael appealed that decision by initiating this administrative appeal on December 7, 2010. (ECF No. 1.)

### III.  ANALYSIS

#### A.  Standard of Review

A district court's review of the Commissioner's determination that a claimant is not disabled within the meaning of the Social Security Act is limited. *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497 (10th Cir. 1992). The review is limited to determining whether the Commissioner applied the correct legal standard and whether the Commissioner's decision is supported by substantial evidence. *Id.* at 1497-98; *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence

is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown*, 912 F.2d at 1196. It requires more than a scintilla of evidence but less than a preponderance of the evidence. *Hedstrom v. Sullivan*, 783 F. Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Also, "[t]he failure to apply the correct legal standard or to provide [a reviewing] court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (citation and internal quotation marks omitted); *see also Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996) ("[T]he Secretary's failure to apply the correct legal standards, or to show us that [he] has done so, are . . . grounds for reversal."). Although a reviewing court should meticulously examine the record, it may not weigh the evidence or substitute its discretion for that of the Commissioner. *Id.*

**B.    Evaluation of Disability**

The criteria to obtain disability insurance benefits under the Social Security Act are that a claimant meets the insured status requirements, is younger than 65 years of age, and is under a "disability." *Flint v. Sullivan*, 951 F.2d 264, 267 (10th Cir. 1991). The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment [that] can be expected to result in death or [that] has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).

There is a five-step sequence for evaluating disability. See 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (describing five-step analysis). If it is determined that a claimant is or is not disabled at any point in the analysis, the analysis ends. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991). First, the claimant must demonstrate that he or she is not currently involved in any substantial, gainful activity. 20 C.F.R. § 404.1520(b). Second, the claimant must show a medically severe impairment or combination of impairments that significantly limits his or her physical or mental ability to do basic work activities. *Id.* § 404.1520(c). At the third step, if the impairment matches or is equivalent to an established listing under the governing regulations, the claimant is judged conclusively disabled. *Id.* § 404.1520(d). If the claimant's impairment does not match or is not equivalent to an established listing, the analysis proceeds to a fourth step. *Id.* § 404.1520(e). At the fourth step, the claimant must show that the "impairment prevents [him or her] from performing work [he or she] has performed in the past." *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988) (citations omitted); *see also* 20 C.F.R. § 404.1520(f). If the claimant is able to perform his or her previous work, he or she is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is not able to perform his or her previous work, the analysis proceeds to a fifth step. At the fifth step, the Commissioner must demonstrate: (1) that based on the claimant's residual functional capacity, age, education, and work experience, the claimant can perform other work; and (2) the work that the claimant can perform is available in significant numbers in the national

economy. *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987); *see also* 20 C.F.R. § 404.1520(g).

**C. Discussion**

Mr. Rael raises two issues in this appeal, again, both related to his mental and psychological conditions. First, Mr. Rael argues that the ALJ's RFC finding is not supported by substantial evidence in the record, and in particular that the RFC finding is not sufficiently supported by the reports of Dr. Benson and Dr. Sexton. (ECF No. 11, at 11-13.) Second, Mr. Rael argues that the ALJ erred by failing to explain why she gave more weight to the opinions of Dr. Sexton, who did not personally examine Mr. Rael, than that given to the opinions of Dr. Benson, who did personally examine Mr. Rael. (*Id.* at 13-16.)

As to the first issue, the Court first notes that the ALJ's RFC finding contains two parts. The first is that Mr. Rael is capable of performing "medium work" as defined in 20 C.F.R. § 404.1567(c) and 416.967(c). Those sections of the Code of Federal Regulations define "medium work" as work that "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." Because this RFC finding is based solely on Mr. Rael's physical abilities/limitations, and because Mr. Rael in this appeal only challenges the ALJ's findings regarding his mental and psychological conditions, Mr. Rael has not challenged the ALJ's finding that he can perform "medium work" under the governing regulations.

Instead, Mr. Rael is challenging the underlying analysis that led to the ALJ's conclusion that Mr. Rael is capable of performing work with a Specific Vocational Preparation ("SVP") of 3 or less. Mr. Rael also challenges the fact that the RFC finding did not include some of the specific limitations expressed by Dr. Sexton and Dr. Benson. SVP "is defined as the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." *See* U.S. Dep't of Labor, Dictionary of Occupational Titles, App. C, at 1009 (4th ed. 1991). An SVP of 3 or 4 correlates to semi-skilled work, while an SVP of 1 or 2 correlates to unskilled work. *See* Social Security Ruling 00-4p.

While it is true that (1) the ALJ gave at least some weight to the reports of both psychologists, and (2) both reports are properly read as limiting Mr. Rael to unskilled work, the ALJ was not limited to only considering these two psychological reports in arriving at her RFC assessment. *See* Social Security Ruling 96-5p (listing numerous factors ALJ should consider in arriving at RFC finding). Mr. Rael's ability to carry out his prior work clearly was another factor that significantly impacted the ALJ's decision. Most important among these prior jobs was Mr. Rael's work as a shuttle driver, a job he held from 2004 to 2007. The ALJ found it significant that Mr. Rael voluntarily left that position in 2007 because business was slow, not because of any inability to perform the job. (*See* ECF No. 8, at 51 (Mr. Rael testified at hearing before the ALJ that he quit job as shuttle bus driver because it was wintertime and "things were really slow"); *see also*

*id.* at 237 (Dr. Benson reported that Mr. Rael told him that Mr. Rael "left the job because of a drop in the number or riders").[1]) The shuttle driver position has an SVP of 3, as does several other jobs Mr. Rael has held in the past. Given this work history, particularly the position as a shuttle bus driver, the Court concludes that substantial evidence supports the ALJ's conclusion that Mr. Rael could perform jobs with an SVP of 3 or less. *See Hedstrom*, 783 F. Supp. at 556 (stating that "substantial evidence" requires more than a scintilla of evidence but less than a preponderance of the evidence).

Moreover, even if the ALJ erred by failing to limit Mr. Rael to jobs with an SVP of 2 or lower,[2] that error was harmless because some of the jobs the ALJ found that Mr. Rael could perform have an SVP of 2, and a claimant's ability to perform such jobs would still necessarily require a finding of "not disabled" under the Social Security Act. *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir.2004) (stating that the principle of harmless error applies to Social Security disability cases); *Boyd v. Astrue*, No. C10-5756, 2011 WL 5515249, at *4 (W.D. Wash. Nov. 9, 2011) (stating that it was harmless error to conclude that claimant could perform a job with an SVP of 3, given the finding that the claimant could perform two other jobs); *Scott v. Astrue*, No. ED CV 08-396-PLA, 2009 WL 1159995, at *10 n.13 (C.D. Cal. Apr. 28, 2009); *West v. Astrue*, No.

---

[1] It is of little significance that Dr. Benson, a psychologist, reported that Mr. Rael could not *physically* do the work as a shuttle bus driver.

[2] Dr. Benson's and Dr. Sexton's opinions, which can be read as recommending unskilled work, would be consistent with placement in positions with an SVP of 1 or 2.

5:07-cv-133, 2008 WL 2024963, at *9 (M.D. Ga. May 8, 2008).

There is also an insufficient basis to reverse or vacate on the ground that the ALJ did not *specifically* list, as a part of the RFC determination, some or all of the moderate limitations identified by Dr. Benson and Dr. Sexton in their reports. The ALJ herself found that Mr. Rael had moderate difficulties with social functioning, and with concentration, persistance, or pace. But there is insufficient indication that these limitations are not sufficiently encapsulated within the ALJ's ultimate RFC determination, or that expressly including these limitations in the RFC finding would have caused a different result. Also, the Court has found no authority for the proposition that an ALJ must expressly list in the RFC finding every limitation identified in a medical report, even one given significant weight.

Finally, the Court addresses Mr. Rael's argument that the ALJ erred by failing to explain why she gave more weight to the opinions of Dr. Sexton, a non-examining psychologist, than to those of Dr. Benson, an examining psychologist. There are two troubling aspects of the ALJ's decision in this regard. First, the ALJ's decision in no way indicates that she actually considered and weighed the examining vs. non-examining distinction. And second, the ALJ gave more weight to Dr. Sexton's opinion despite the fact that Dr. Sexton explicitly stated in her report that she herself was giving Dr. Benson's report "full weight." However, based on the entire record before it, the Court concludes that this error was also harmless because, even if the ALJ had given Dr. Benson's report full weight and given Dr. Sexton's report less weight, Dr. Benson's

report still supports a finding that Mr. Rael could perform his past jobs that have an SVP of 2.  *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir.2004); *Boyd v. Astrue*, No. C10-5756, 2011 WL 5515249, at *4 (W.D. Wash. Nov. 9, 2011); *Scott v. Astrue*, No. ED CV 08-396-PLA, 2009 WL 1159995, at *10 n.13 (C.D. Cal. Apr. 28, 2009).

### IV.  CONCLUSION

For the foregoing reasons, the Court hereby ORDERS that the Commissioner's final decision is AFFIRMED.

Dated this 15th day of May, 2012.

BY THE COURT:

_____

William J. Martínez
United States District Judge